FILED
2014 Aug-26 AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

**KIMBERLY HALEY-MUHAMMAD and DEBORAH L. RHYNES,**

**Plaintiffs,**

**v.**

**COLONIAL MANAGEMENT GROUP, LP,**

**Defendant.**

**Civil Action No. 5:13-cv-02061-CLS**

**MEMORANDUM OPINION AND ORDER**

This action was commenced on November 12, 2013, on behalf of two plaintiffs, Kimberly Haley-Muhammad and Deborah L. Rhynes.[1] Their joint complaint asserts claims against Colonial Management Group, LP, the former employer of both plaintiffs, for race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981.[2] Plaintiff Haley-Muhammad also asserts a claim for retaliation under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*[3] The case presently is before the court on defendant's motion to dismiss plaintiffs' pay discrimination

---

[1] Doc. no. 1 (Complaint).

[2] *Id.*

[3] *Id.* ¶¶ 33-38.

claims and defendant's motion to sever plaintiffs' claims.[4]

## I. STANDARDS OF REVIEW

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While those combined pleading standards do not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), they do demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[4] *See* doc. no. 9 (Defendant's Motion to Dismiss Plaintiffs' Pay Discrimination Claims), and doc. no. 14 (Defendant's Motion to Sever Plaintiffs' Claims).

that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

**B. Motion to Sever**

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." Fed. R. Civ. P. 42(b). "The decision whether to bifurcate, or to sever and try issues separately, pursuant to Rule 42(b) is one committed to the sound discretion of the district court." *Kimberly-Clark Corp. v. James River Corp. of Virginia*, 131 F.R.D. 607, 608 (N.D. Ga. 1989)

## II. RELEVANT ALLEGATIONS OF EACH PLAINTIFF'S CLAIMS[5]

**A. Kimberly Haley-Muhammad**

Ms. Haley-Muhammad is an African American female who began working for defendant, Colonial Management Group, LP, on November 24, 2002.[6] She worked at Colonial's Huntsville, Alabama location, which is called the "Huntsville Metro Treatment Center."[7] On the date of her termination, her job title was "Program Director."[8] Ms. Haley-Muhammad alleges that, during her employment, "she was

[5] All allegations of plaintiffs' complaint have been taken as true for purposes of ruling on the pending motions.

[6] Doc. no. 1 (Complaint) ¶ 6.

[7] *Id.*

[8] *Id.* ¶ 7.

treated less favorably, subjected to a hostile work environment, and suffered adverse employment actions because of her race, African American, and skin color, Black."[9]

Ms. Haley-Muhammad was out of work on leave pursuant to the Family and Medical Leave Act ("FMLA") from June 4 to July 16, 2012.[10] In August of 2012, she was provided with an "action plan," and on September 26, 2012, she was terminated for her purported failure to address items on that plan.[11] Ms. Haley-Muhammad alleges that her regional manager, Brent Hamer, who is Caucasian, was not disciplined, even though he was in charge of the treatment center while Ms. Haley-Muhammad was on FMLA leave.[12] She also alleges that defendant failed to promote an interim director in her absence, which it had done for other Caucasian directors.[13]

Additionally, Ms. Haley-Muhammad alleges that she was subjected to discriminatory treatment because of her race in the following ways: (1) she and her employees were not given the same assistance and training resources as similarly situated Caucasian employees;[14] (2) she was told by management member Susan Case that Colonial prohibited a management team at the Huntsville facility that was

---

[9] *Id.*

[10] *Id.* ¶ 9.

[11] *Id.* ¶ 10.

[12] Doc. no. 1 (Complaint) ¶ 10.

[13] *Id.*

[14] *Id.* ¶ 11.

composed of entirely African American personnel;[15] (3) Colonial "maintains a practice of paying Caucasian employees with less experience or qualifications at a higher rate of pay than similarly situated African American or Black employees";[16] and (4) she did not receive any severance pay from Colonial, even though the company had previously paid severance to Caucasian employees.[17]

**B.     Deborah L. Rhynes**

Ms. Rhynes is an African American female who was employed at Colonial's Huntsville Metro Treatment Center from May 17, 2011 to September 26, 2012.[18] Her last job title was "Treatment Services Coordinator."[19] She alleges that, during her employment, "she was treated less favorably, subjected to a hostile work environment, and suffered adverse employment actions because of her race, African American, and skin color, Black."[20]

Ms. Rhynes "was terminated because of her race when cash was missing from a deposit, even though Ms. Rhynes did not have supervisory authority for the deposit in question[,] and regional management was present on the day of the discrepancy."[21]

---

[15] *Id.* ¶ 12.
[16] *Id.* ¶ 13.
[17] *Id.* ¶ 14.
[18] Doc. no. 1 (Complaint) ¶ 15.
[19] *Id.* ¶ 16.
[20] *Id.*
[21] *Id.* ¶ 21 (alteration supplied).

She alleges that other non-African American employees violated regulations and company policies, but were not terminated.[22] Instead, they were either allowed to retain their jobs, or were assigned to a different job, but in no case were they subjected to a hostile work environment.[23]

Ms. Rhynes further alleges that she filed grievances related to ethical violations and harassment from a Caucasian male, but Colonial failed to investigate or act upon her grievances.[24] She alleges that grievance procedures are available to non-African Americans.[25]

Additionally, Ms. Rhynes alleges that she was discriminated against in the following ways: (1) she was told to stay home from work after refusing to violate state law by signing patient assessments that she did not perform, while similarly situated Caucasian employees were not disciplined;[26] (2) she was told by management member Susan Case that Colonial would not allow a management team at the Huntsville facility to be composed of entirely African American personnel;[27] (3) she did not receive severance pay;[28] and (4) Colonial "maintains a practice of paying

---

[22] *Id.* ¶ 17.
[23] *Id.*
[24] Doc. no. 1 (Complaint) ¶ 19.
[25] *Id.* ¶ 18.
[26] *Id.* ¶ 22.
[27] *Id.* ¶ 23.
[28] *Id.* ¶ 24.

Caucasian employees with less experience or qualifications at a higher rate of pay than similarly situated African American or Black employees."[29]

## III. DISCUSSION

### A. Defendant's Motion to Dismiss Plaintiffs' Pay Discrimination Claims

Colonial argues that plaintiffs' pay discrimination claims should be dismissed for failing to state a claim upon which relief can be granted.[30] Plaintiffs allege that they are both African Americans, and that Colonial "maintains a practice of paying Caucasian employees with less experience or qualifications at a higher rate of pay than similarly situated African American or Black employees."[31] They further allege that Caucasian employees received severance pay, but that they did not.[32]

A plaintiff establishes a *prima facie* case of racially discriminatory pay disparities by demonstrating that she belongs to a racial minority, and that the job she occupied was similar to higher paying jobs occupied by employees outside her protected class. *See Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir. 1992); *see also Lee v. Mid-State Land & Timber Co., Inc.*, 285 F. App'x 601, 606 (11th Cir. 2008). Here, plaintiffs have failed to allege that *they* were

---

[29] *Id.* ¶ 13.

[30] Doc. no. 9 (Defendant's Motion to Dismiss Plaintiffs' Pay Discrimination Claims).

[31] Doc. no. 1 (Complaint) ¶¶ 4, 6, 13, 15.

[32] *Id.* ¶¶ 14, 24.

paid less than Caucasians who occupied similar jobs.[33] Rather, they simply allege that Colonial has a practice of paying Caucasian employees more than similarly situated African American employees, and that they are African American.[34] Stated differently, nowhere in their joint complaint does either plaintiff say "I was paid less than a similarly situated employee who is Caucasian." To sufficiently state a claim, plaintiffs must allege that they have been personally discriminated against with respect to their wages.[35] Because they have not done so, plaintiffs' pay discrimination claims are due to be dismissed.

**B. Defendant's Motion to Sever Plaintiffs' Claims**

Defendant has moved for severance of plaintiffs' claims on the grounds that allowing those claims to proceed together will result in prejudice to defendant at trial, while severing the claims would promote judicial economy and efficiency.[36] In response, plaintiffs argue that their "claims are sufficiently common in their factual allegations to best serve judicial economy when tried together."[37] Plaintiffs further assert that:

---

[33] *See id.* ¶ 13.

[34] *Id.*

[35] To the extent plaintiffs seek to base a discrimination claim on the fact that they did not receive severance pay when similarly situated Caucasian employees did, plaintiffs have sufficiently stated such a claim.

[36] Doc. no. 14 (Defendant's Motion to Sever Plaintiffs' Claims).

[37] Doc. no. 17 (Plaintiffs' Response in Opposition to Defendant's Motion to Sever) at 1.

> The Plaintiffs['] claims are nearly identical with regard to the claims of race discrimination. The Plaintiffs, both African American females, were terminated within one day of each other. They were both terminated by the same management, and they both worked in the same duty location, which environment is described by both. Both females share comparators, worked together in the same environment at the same time, and have knowledge of one another's particular circumstances. The circumstances for the Plaintiffs are also identical concerning lack of any offer of severance pay. The similarities between the claims vastly outweigh the differences.[38]

The court is not persuaded by plaintiffs' arguments. While there are factual similarities between the plaintiffs' claims, their claims are *not* "nearly identical." Each plaintiff held a different job, was terminated for an ostensibly different reason, and has a different ground for her discrimination claim. Further, plaintiff Haley-Muhammad has asserted an FMLA claim that is wholly unrelated to plaintiff Rhynes. Accordingly, it would not promote judicial economy for these two cases to proceed together. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims.").

## IV. CONCLUSION

In accordance with the foregoing, it is ORDERED that defendant's motion to dismiss is GRANTED, and plaintiffs' pay discrimination claims are DISMISSED. Additionally, defendant's motion to sever plaintiffs' claims is GRANTED. The Clerk

[38] *Id.* at 1-2 (alteration supplied).

is instructed to open a new case file styled *Deborah L. Rhynes v. Colonial Management Group, LP*. Each plaintiff is ORDERED to file an amended complaint in her respective case within fourteen days. Each amended complaint should address only those claims that apply to that plaintiff.[39] Further, Ms. Rynes must either pay the required filing fee, or obtain an order allowing her to proceed *in forma pauperis*, within fourteen days, or her action will be dismissed, without further notice, for want of prosecution.

The present action, Civil Action No. 5:13-cv-02061-CLS, shall proceed as *Kimberly Haley-Muhammad v. Colonial Management Group*.

DONE this 26th day of August, 2014.

United States District Judge

[39] Nothing in the foregoing precludes plaintiffs from reasserting a pay discrimination claim so long at is pleaded in conformity with this opinion.